IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE PELLEGRINO, an individual,      Civil Action No.

        Plaintiff,

   v.

COMMUNICATIONS WORKERS OF AMERICA,   **Jury Trial**
AFL-CIO, CLC a labor union,           **Demanded**

        Defendant.          *Electronically Filed*

## COMPLAINT

Plaintiff Denise Pellegrino, by her attorneys, Jean E. Novak and the law firm of Strassburger McKenna Gutnick & Gefsky, files the following Complaint against Defendant Communication Workers of America seeking damages pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (FMLA). In support thereof, Pellegrino avers as follows:

### Parties

1.    Plaintiff Denise Pellegrino ("Pellegrino") is a citizen of the United States, and her address is 1499 Coraopolis Heights Road, Moon Township, Pennsylvania 15108.

2.    Pellegrino was employed by Defendant Communication Workers of America ("CWA") as a secretary II, at the Pittsburgh office located at 11 Parkway Center, Suite 230, Pittsburgh, Pennsylvania 15220.

3.    Pellegrino worked for CWA from July 5, 2005 to November 3, 2008. 29 U.S.C. § 2611(2)(A)(i).

4.     In the 12-month period immediately before her termination, Pellegrino worked at least 1,250 hours for CWA.  29 U.S.C. § 2611(2)(A)(ii).

5.     CWA is a labor union that represents communication workers throughout the United States, including Pennsylvania. Its main offices are located at 501 3rd Street NW, Washington, DC  20001-2797.

6.     CWA employs more than 50 people.  29 U.S.C. § 2611(4)(A).

## Jurisdiction and Venue

7.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617(a)(2).

8.     CWA has significant contact with the Western District of Pennsylvania that justifies jurisdiction in this forum because CWA operates part of its business within the boundaries of the Western District of Pennsylvania.

9.     The alleged wrongs and injuries occurred in Pittsburgh, Pennsylvania.

10.     Pursuant to 28 U.S.C. § 1331 jurisdiction of this matter is appropriate in the United States District Court for the Western District of Pennsylvania because this action arises under a federal law.

11.     Venue is appropriate in the United States District Court for the Western District of Pennsylvania because CWA has significant contacts with the district, Pellegrino resides within this district, and the events that gave rise to this cause of action occurred in this district.

## Material Facts

12.     Paragraphs 1 through 11 are incorporated by reference.

13.    In 2008, Pellegrino was under the care of a physician for conditions that required a hysterectomy on October 2, 2008.

14.    Pellegrino's conditions were serious health conditions as defined by the FMLA, 29 U.S.C. § 2611(11).

15.    Pellegrino was granted FMLA leave to undergo a hysterectomy and for recovery related to the operation.

16.    Her expected return to work date (as established by her treating physician) was no earlier than November 11, 2008.

17.    On August 14, 2008 Pellegrino received from CWA a packet of information purporting to be a description of procedures, rights, and obligations related to FMLA leave.

18.    After her hysterectomy, Pellegrino went to Cancun to recover from surgery.

19.    At the time of the trip, Pellegrino had not been released by her treating physician to return to work.

20.    Pellegrino had been released by her treating physician to travel to Cancun so long as she rested (that is, did not engage in any strenuous activities including swimming) while recovering.

21.    On or about November 3, 2008, CWA terminated Pellegrino for leaving the area without prior notice while on FMLA leave.

22.    In terminating Pellegrino, CWA relied on a policy that was not included in the packet that described the procedures, rights and duties related to FMLA leave.

23.     The policy on which CWA related was not in the union contract or in the employee handbook that were provided to Pellegrino.

24.     Had she not been terminated Pellegrino could have returned to work on November 13, 2008.

25.     At the time of Pellegrino's discharge on November 3, 2008, CWA was aware that Pellegrino's treating physician had not released her to return to work.

26.     Upon being notified of her termination, Pellegrino through her union representative asked CWA to reconsider the termination.

27.     CWA refused to reinstate Pellegrino.

28.     CWA's discharge of Pellegrino interfered with her FMLA rights.

29.     As a result of her termination by CWA, Pellegrino suffered significant damages.

## Count I

### Interference in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2601, *et seq.*

30.     Paragraphs 1 through 29 are incorporated by reference.

31.     CWA willfully interfered with, restrained, or denied the exercise or the attempted exercise of Pellegrino's FMLA rights.

32.     CWA's interference deprived Pellegrino of the benefits, privileges and terms and conditions of employment including wages, salary, bonuses, raises, health insurance, retirement and various other benefits.

33.     As a result of CWA's actions, Pellegrino is entitled to such affirmative relief as may be appropriate, including, but not limited to reinstatement, lost wages or

salary, lost benefits, liquidated damages, interest, attorneys' fees and costs, and such equitable relief as may be appropriate.

WHEREFORE Pellegrino requests that judgment be entered in her favor for past and future loss of income and benefits, liquidated damages, interest, attorneys' fees and costs, and appropriate equitable relief.

Respectfully submitted,

STRASSBURGER McKENNA
  GUTNICK & GEFSKY

By_s/Jean E. Novak_____
    Jean E. Novak
    Pa. I.D. # 69490

    Four Gateway Center, 22nd Floor
    444 Liberty Avenue
    Pittsburgh, PA  15222

    (412) 281-5423 (*voice*)
    (412) 281-8264 (*fax*)
    jnovak@smgglaw.com

    *Attorney for Plaintiff,*
    *Denise Pellegrino*